IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

KEVIN WILLIAM ELLISON                                                                PLAINTIFF

V.                                    2:08CV00028 JMM

ARKANSAS DEPARTMENT OF
HUMAN SERVICES, DIVISION OF
CHILDREN & FAMILY SERVICES,
LINDA DISMUKE, ADOPTION SUPERVISOR,
ELAINE JACKSON, FOSTER CARE SUPERVISOR,
BRENDA KEITH, ADOPTION SPECIALIST                          DEFENDANTS

## ORDER GRANTING MOTION TO DISMISS

Pending is the Defendants' Motion to Dismiss and Motion to Strike. Plaintiff has also filed a Motion for Order of Temporary Custody/Emergency Custody. For the reasons set forth below, the Defendants' Motion to Dismiss is GRANTED. All other motions are moot.

The United States Supreme Court recently clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 1964-65 (internal citations omitted). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).

In the Complaint, Plaintiff alleges that the Defendants have denied him the opportunity to become a foster or adoptive parent of a child named Casey. Plaintiff claims he is being

discriminated against by the Defendants "based on the Freedom of Religion being Marriage. (Complaint, at p. 2). Plaintiff states the Defendants' preference for placing foster children in married couples' homes violates the First Amendment and his Eighth Amendment right to be free from cruel and unusual punishment. Id.

### Immunity

First, it is well settled that the Eleventh Amendment bars Plaintiff's § 1983 claims against an agency of the State of Arkansas, the Arkansas Department of Human Services, Division of Children and Family Services. *Murphy v. State of Ark.,* 127 F.3d 750, 754 (8th Cir. 1997) (citing *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978)). Defendants' Motion to Dismiss is, therefore, GRANTED as to this Defendant.

Second, § 1983 damage claims against individual defendants acting in their official capacities are likewise barred, either by the Eleventh Amendment or because in these capacities they are not "persons" for § 1983 purposes.[1] *Murphy,* 127 F.3d at 754 (citing *Will v. Michigan Dept. Of State Police,* 491 U.S. 58, 109 S.Ct. 2304 (1989)). However, Plaintiff only seeks injunctive relief against Linda Dismuke, Elaine Jackson, and Brenda Keith (the "Individual Defendants") in this case. Plaintiff specifically asks the Court to place Casey in Plaintiff's custody as either his foster child or adopted child. "State officials acting in their official capacities are § 1983 'persons' when sued for prospective relief, and the Eleventh Amendment

---

[1] "[A]bsent a clear statement that officials are being sued in their personal capacities, 'we interpret the complaint as including only official-capacity claims.'" *Murphy,* 127 F.3d at 754(quoting *Egerdahl v. Hibbing Comm. College*, 72 F.3d 615, 619 (8th Cir. 1995)).

does not bar such relief." *Id.*

The qualified immunity analysis is a two-step process. *Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995). The threshold question is whether the plaintiff has alleged the violation of a constitutional right. *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995) (quoting *Cole v. Bone*, 993 F.2d 1328, 1332 (8th Cir.1993)). If plaintiffs meet this standard, we next determine "whether that right was 'clearly established' at the time of the alleged violation." *Weaver*, 45 F.3d at 1255.

Plaintiff has not cited, and the Court has not found, any authority for the contention that Plaintiff has a Constitutional right to be the foster or adoptive parent of Casey. Plaintiff has no relationship with Casey, according to the Complaint, except that Plaintiff has inquired about Casey and filled out paperwork to become Casey's foster parent. Therefore, the Court finds that Plaintiff has failed to state a claim against the Individual Defendants.

Abstention

However, even on the assumption that Plaintiff has a protected liberty interest, the Court must consider the issue of federalism and federal-state comity. "Before considering ... the broader claims of deprivation of due process and equal protection, it is pertinent to observe that the whole subject of domestic relations, and particularly child custody problems, are generally considered state law matters outside federal jurisdiction." *Schleiffer v. Meyers,* 644 F.2d 656, 663 (7th Cir. 1981). "Domestic relations is an area of predominantly local interest. . . . Thus, even if a legitimate constitutional claim was presented, the potential disruption of pending proceedings and the ensuing friction in our federal system provide good reasons for deferring state proceedings and declining federal jurisdiction." *Huynh Thi Anh v. Levi,* 586 F.2d 625, 632

(6th Cir. 1977).  Whether it is in the best interest of Casey to be placed in Plaintiff's custody is a decision which should be made by the State of Arkansas.  *See Younger v. Harris,* 401 U.S. 37 (1971); Ark. Code Ann. § 9-9-205(a)(1); Ark. Code Ann. § 9-27-306.

The Court notes that Plaintiff's claim sounds more like an Equal Protection claim based upon marital status discrimination.  Marital status classification has never been accorded any heightened scrutiny under either the federal or Arkansas Constitutions.  *See, e.g. Califano v. Boles*, 443 U.S. 282, 99 S. Ct. 2767 (1979).  Thus, the State would merely need to present a rational basis for its preference for placing foster children in a married home.

For these reasons, Defendants' Motion to Dismiss (Docket # 8) is GRANTED.  Plaintiff's Motion for Order (Docket # 10) and Defendants' Motion to Strike (Docket # 16) are MOOT.  The Clerk is directed to close the case.

IT IS SO ORDERED this 20th day of May 2008.

                                                _____
                                                James M. Moody
                                                United States District Judge